Siegmund Schaal v. Commissioner.
Schaal v. Commissioner
Docket No. 35869.
United States Tax Court
1953 Tax Ct. Memo LEXIS 58; 12 T.C.M. (CCH) 1311; T.C.M. (RIA) 53365; November 16, 1953
*58 Edward A. Tobias, Esq., for the petitioner. Norman A. Peil, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,951.66 in the petitioner's income tax for 1946 and a similar deficiency of $272.45 for 1947. The errors of the Commissioner alleged by the petitioner and left for decision are: (a) Increasing the petitioner's gross income for 1946 by $750 described as salaries; (b) Decreasing the net loss from rents for 1947 by $1,058.92; (c) Including a capital gain in income for 1946; and (d) Decreasing a net operating loss for 1948 as a carry-back deduction for 1946. Findings of Fact The petitioner filed his individual returns for the taxable years with the collector of internal revenue for the 23rd District of Pennsylvania. Those returns were on a cash basis. The petitioner used his automobile during 1946 for his employer's business and received partial but incomplete reimbursement for that use. The cost to the petitioner of the use of the automobile in the business for which he was not reimbursed during 1946 was $150. The petitioner agreed in 1946 to sell formulae to Adams Bakers *59 Supply Company, Inc., but he received none of the purchase price during 1946, either actually or constructively. He reported a profit from the sale as a long-term capital gain on his 1947 return. The Commissioner made no change as to 1947 but erroneously included the profit of $4,500 as a long-term capital gain in determining the deficiency for 1946. The Commissioner, in determining the deficiency for 1946, allowed a deduction of $1,957.44 for which he gave an explanation as follows: "(e) A deduction of $1,957.44 of the net operating loss of the year 1948 has been allowed as a deduction for the taxable year 1946 as shown below. "It is determined that the loss sustained by you in the taxable year 1948 in the operation of a business known as Fanny's Bakery amounted to $4,715.98 rather than $6,847.40. "It is determined that the net operating loss deduction allowable to you in the taxable year 1946 as a carry-back from the taxable year 1948 amounted to $1,957.44. "The net operating loss of Fanny's Bakery, for the taxable year 1948 $4,715.98, was limited to the corrected net loss for that year, $4,207.44; deducted from that amount last shown is $2,250.00, representing fifty percent *60 of the long-term capital gain realized in the taxable year 1946, the remaining $1,957.44 is now allowed against 1946 income." The petitioner operated Fanny's Bakery for about seven months in 1947 and used exclusively in that business an automobile which cost him $1,735.98. The petitioner, during the operation of the bakery, used $6.00 worth of products but no more for personal consumption. He closed the bakery business on November 27, 1948 and thereafter did not operate it again. At December 31, 1948, petitioner was indebted to creditors of the business conducted under the name of "Fanny's Bakery" in the sum of $4,338.33, of which sum $929.69 was owing to preferred creditors and $3,408.64 was owing to ordinary creditors; $3,108.64 of the amount owing to ordinary creditors constituted unpaid expenses as of December 31, 1948, and $300.00 thereof represented the unpaid portion of the purchase price of the "Fanny's Bakery" business. In December, 1948, petitioner sold the operating assets of the "Fanny's Bakery" business for the sum of $1,500.00, from which sum attorney's fees and costs of $263.51 and the sums owing preferred creditors were deducted, the balance being made available *61 for payment to ordinary creditors. The petitioner, on December 8, 1948, proposed a settlement with the ordinary creditors of Fanny's Bakery. A release accompanied the proposal to each creditor which concluded: "IN WITNESS WHEREOF, we have hereunto set our hand and seal the - day of December, A.D., 1948." The petitioner's proposal for settlement was accepted by the creditors. It was clear at the end of 1948 that the settlement was to be at fifty cents for each dollar of debts. Checks representing 9 per cent of the debts were mailed to the creditors on January 10, 1949 and final distribution under the settlement was made to the creditors on June 15, 1950. The total gross rent received on the Felicia Way property during 1947 was $2,350. The petitioner and Balch paid $1,679.22 as interest in 1947 on a mortgage on the Felicia Way property, one-half of which was paid by the petitioner. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner determined that the petitioner was reimbursed for $750, subtracted by the petitioner from his 1946 salaries for expense of using his automobile in his business. *62 The petitioner was not reimbursed for $150 of automobile expense paid by him in carrying on the business of his employers. The Commissioner erred to that extent only on this adjustment. The petitioner, using a cash method of reporting in 1946, did not realize gain in that year from the sale of his formulae. The petitioner contends that the 1946 deduction based upon the 1948 operating loss has been erroneously computed in several respects. It has been indicated already that he erred in reducing it by any part of the long-term capital gain on the sale of the formulae. However, the evidence fails to show that the Commissioner erred in excluding one-half of the debts due ordinary creditors in computing the carry-back deduction. The proposal to settle with those creditors was made in 1948 and the proposed releases contained a place for a December 1948 date. Checks for a part of the debts were sent to the creditors on January 10, 1949, indicating that agreements had been signed prior thereto although the record does not show just when any agreements were signed. Thus, it apparently was settled by the end of 1948 that the petitioner's operating loss for that year would include only 50 *63 per cent of the ordinary debts in the amount of $3,108.64. Three hundred dollars additional debts represented a part of the purchase price of the business and would not form a part of the operating net loss. The record does not show how or why the Commissioner reduced the reported loss from $4,715.98 to $4,207.44, but that is described by the petitioner as a correction and apparently is not in dispute. The petitioner showed that he took out not more than $6.00 of produce and also proved the cost of an automobile. Adjustment in accordance with that proof can be made by the parties. The medical deduction for 1946 is not in dispute and can be computed by the parties. The parties stipulated that $1,679.22 was paid during 1947 as interest on a mortgage on the Felicia Way property. The evidence supports a finding that the petitioner paid his one-half of that total. The total rent received on that property during 1947 was $2,350. Other amounts entering into the computation of the net gain or loss from rents do not appear to be in dispute. Decision will be entered under Rule 50: